**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

EUDIS JESUS REYES ORDONEZ,

Petitioner,

v.

WARDEN/FACILITY ADMINISTRATOR, Otay Mesa Detention Center, et al.,

Respondents.

Case No.: 26cv4136 DMS (JLB)

**ORDER (1) DENYING MOTION TO STAY OR DISMISS AND (2) GRANTING PETITION**

This case comes before the Court on the Petition for Writ of Habeas Corpus. In response to the Petition, Respondents filed a Notice of Related Case advising the Court that Petitioner filed another petition in the United States District Court for the Southern District of Florida prior to being transferred to Otay Mesa Detention Center. Respondents filed a motion to dismiss that case or transfer venue to this Court, but that motion was denied. In their Return, Respondents state Petitioner's Florida case remains pending, and they therefore move this Court to either stay this case or dismiss it as duplicative of the Florida case.

As stated in a brief filed by Respondents in another case pending before this Court,

> District courts are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). For habeas petitions

> challenging present physical confinement, venue is appropriate only in the district in which a petitioner is confined, as "the district of confinement is synonymous with the district court that has territorial jurisdiction over the proper respondent" because "[b]y definition, the immediate custodian and the prisoner reside in the same district." *Rumsfeld v. Padilla*, 542 U.S. 426, 444 (2004). "The rule that the proper venue for a challenge to present physical custody lies only in the district of confinement is based on the requirement that the court issuing the writ have jurisdiction over the entity capable of effecting the relief sought in the petition; in the context of a challenge to physical custody, that entity is the petitioner's custodian." *Ramirez v. United States*, No. 108CV00633OWWJMDHC, 2009 WL 2044782, at 3 (E.D. Cal. July 9, 2009); *see*, *e.g.*, *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484 (1973) ("The important fact to be observed in regard to the mode of procedure upon [a writ of habeas corpus], that it is directed to, and served upon . . . [the] jailer . . . compelling the oppressor to release [the petitioner's] constraint"). In order to determine the proper venue for a petition under 28 U.S.C. § 2241 the court must first determine which district has jurisdiction over the entity capable of effecting relief. *See Padilla*, 542 U.S. at 445–47 (discussing requirement that district court have jurisdiction over proper respondent capable of effecting relief in order to entertain petition); *see also Wheeler v. United States*, 640 F.2d 1116, 1121 n. 7 (9th Cir.1998) (stating that a court must have a respondent over whom it can assert jurisdiction in order to entertain a habeas petition).

*Cruz v. Warden/Facility Administrator*, Case No. 26cv4372 DMS (DDL), ECF No. 5. In this case, the entity capable of affecting relief is the Warden at Otay Mesa Detention Center, where Petitioner is presently detained. Accordingly, the Court denies Respondents' motion to stay or dismiss this case.

Turning to the merits, Petitioner alleges he entered the United States in January 2022 and was released on January 11, 2022, with GPS monitoring. (Pet. at 1.) Petitioner alleges he thereafter lived in Miami, Florida, worked two jobs, paid federal income taxes, and contributed to his community. (*Id.* at 1-2.) During this time, Petitioner was pursuing an asylum claim in immigration court, and subject to regular check-ins with immigration officials. (*Id.* at 4.) On July 7, 2026, Petitioner appeared for his regularly scheduled check-in where he was detained "without explanation." (*Id.*) Petitioner claims his re-detention violated his due process rights, (*id.* at 5-6), and his transfer to California constitutes an

additional due process violation designed to obstruct judicial review. (*Id.* at 7.)

Respondents did not address the merits of Petitioner's claims, and in light thereof, the Court grants the Petition, and orders Respondents to release Petitioner forthwith. *See N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *7-8 (D. Ore. Dec. 9, 2025) (granting petition and ordering petitioner's release where respondents failed to contest merits); *F.B. v. Noem*, No. CV-25-04271-PHX-JJT (JZB), 2025 WL 3628652, at *1-2 (D. Ariz. Dec. 4, 2025) (similar). The parties shall file a Joint Status Report within **72 hours** of this Order's filing, confirming Petitioner has been released. The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED**.

Dated: September 1, 2026

Hon. Dana M. Sabraw
United States District Judge